45 F.3d 434
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Arnold G. WIEDMER, Appellant,
Rosemary Wiedmer; Sheik Arabians Living Trust; See
Corporation; Oahe Veterinary Hospital and Clinic; First
Bank of South Dakota; GMAC; H.C. Clark Implement Company,
Inc.; Farmers Cooperative Elevator; Farmers Home Mutual
Insurance; Bryan Wiedmer; Cindy Wiedmer; Dewey County,
South Dakota, a political subdivision of the State of South
Dakota, Defendants,
Arnold G. Wiedmer, Appellant,
v.
Kevin V. Schieffer, individually, and in his official
capacity; Bonnie P. Ulrich, individually, and in
her official capacity, Appellees.
 Nos. 94-1219 and 94-2665.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 13, 1994.
Filed: Dec. 29, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Over a period of ten years, Arnold and Rosemary Wiedmer executed eleven promissory notes secured by real and personal property in favor of the United States. After the Wiedmers defaulted on the notes, the government brought a foreclosure action and moved for summary judgment, submitting documentation of the Wiedmers' default. Although the Wiedmers opposed the motion, they did not dispute their default or any of the other relevant facts. The district court[1] granted the government's motion and entered a decree of sale. Arnold Wiedmer appeals that order.
 
 
 2
 Because the Wiedmers filed for bankruptcy, the foreclosure sale was subjected to an automatic stay, and the sale did not take place as originally scheduled. After the automatic stay was modified and the bankruptcy petition was dismissed, the district court entered an amended decree of sale. Wiedmer appeals from this order as well.
 
 
 3
 In both appeals, Wiedmer argues the district court lacked jurisdiction inasmuch as the subject property is situated in sovereign South Dakota and was never "ceded back" to the United States. This argument is frivolous. Because the United States commenced this proceeding, the district court possessed jurisdiction to hear the case. 28 U.S.C. Sec. 1345 (1988). Wiedmer also argues in his appeal from the summary judgment that he was entitled to a trial by jury. Because Wiedmer failed to set forth facts showing that there was a genuine issue for trial, the district court correctly granted summary judgment. See Fed. R. Civ. P. 56(c), (e); Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, United States District Judge for the District of South Dakota